## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:20-CR-64** |
| | ) | |
| KEVIN HEWLETT, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

On March 5, 2020, a federal grand jury returned a two-count Indictment charging defendant Kevin Hewlett with (1) sexual exploitation of a minor for the purpose of producing a visual depiction of a minor engaging in sexually explicit conduct in violation of §§ 2251(a) and 2251(e), and (2) distribution of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). In Count I, the Indictment alleges that on or about August 15, 2018, defendant used an Apple iPhone 7 Plus to produce and to attempt to produce a video file depicting defendant engaging in sexual intercourse with an unidentified underage female referred to as MINOR GIRL 1. In Count II, the Indictment alleges that on or about January 8, 2019, defendant used Instagram, a social media communication platform, to distribute and to attempt to distribute a video of defendant engaging in sexually explicit conduct with MINOR GIRL 1.

At issue now in this matter is defendant's Motion to Dismiss the Indictment. First, defendant argues that federal jurisdiction is lacking because any production or distribution of a visual depiction of a minor engaging in sexually explicit conduct as alleged in Counts I and II occurred entirely intrastate and did not result in knowing or intentional transmission of a visual depiction of a minor engaging in sexually explicit conduct across state lines. Second, defendant

1

argues that each of the two counts of the Indictment is duplicitous because each count charges defendant with both an attempt to commit a crime and the completed crime. The motion has been fully briefed and is now ripe for disposition.

## I.

To begin with, it is necessary to confirm that each count of the Indictment is legally sufficient. In this respect, the standard an indictment must meet is found in Rule 7(c)(1), Fed. R. Crim. P., which provides that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Importantly, an indictment need not contain detailed factual allegations to satisfy this standard. *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). Rather, the indictment is sufficient "(1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011).[1] A review of the Indictment makes clear that it passes this test of legal sufficiency.

Count I of the Indictment charges defendant with sexual exploitation of a minor for the purpose of producing a visual depiction in violation of § 2251(a).[2] The offense of sexual

---

[1] An essential element of the offense is defined as one "whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

[2] Section 2251(a) of Title 18 of the United States Code provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted

2

exploitation of a minor for the purpose of producing a visual depiction in violation of 18 U.S.C.

§ 2251(a) contains three essential elements: (1) that the victim was less than 18 years old;

(2) that the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take

part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

and (3) that the visual depiction was produced using materials that had been transported in or

affecting interstate or foreign commerce. *See United States v. Malloy*, 568 F.3d 166, 169 (2009)

(identifying essential elements of § 2251(a) under prior version of statute).

 Count I of the Indictment alleges each essential element of the offense charged.

Specifically, Count I alleges that on or about August 15, 2018, defendant

> attempted to and did . . . induce . . . a minor . . . to engage in sexually explicit conduct for
> the purpose of producing a visual depiction of such conduct . . . and that visual depiction
> was produced and transmitted using materials that had been mailed, shipped, and
> transported in and affecting interstate . . . commerce by any means . . . .

Indictment at 1, ¶ 1. By closely tracking § 2251(a)'s language, Count I provides defendant with

sufficient notice of the charge against him. *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir.

1999) ("Generally, an indictment is sufficient if it alleges an offense in the words of the statute

. . . ."). Count I's factual allegations also enable defendant "to plead an acquittal or conviction to

bar a future prosecution for the same offense." *Rendelman*, 641 F.3d at 44. Count I identifies the

date the alleged offense occurred, August 15, 2018, and the means by which the offense was

committed, namely "a video file depicting [defendant] engaging in sexual intercourse with

MINOR GIRL 1, produced using an Apple iPhone 7 Plus." Indictment at 1–2, ¶ 1. The

Indictment's allegations identify the facts and circumstances of the violation of § 2251(a)

---

> using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign
> commerce or mailed.

18 U.S.C. § 2251(a). Section 2251(e) imposes penalties on "[a]ny individual who violates, or attempts or conspires
to violate, this section . . . ."

charged in Count I adequately, thereby enabling defendant to plead double jeopardy in a subsequent prosecution for the same offense. Accordingly, Count I of the Indictment is legally sufficient.

Seeking to avoid this result, defendant argued in his Reply brief that the Indictment fails to allege and that the government cannot prove that the defendant possessed the requisite intent to violate § 2251(a) because "it is not sufficient simply to prove that the defendant purposefully took a picture." *United States v. Palomino-Coronado*, 805 F.3d 127, 131 (4th Cir. 2015) (holding that government adduced insufficient evidence that defendant acted for the purpose of producing a visual depiction). Defendant's argument fails. Here, the Indictment sufficiently alleges requisite intent by stating that defendant induced MINOR GIRL 1 "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." Indictment at 1, ¶ 1. Nothing more is required here because an indictment "need not set forth with detail the government's evidence; nor need it enumerate every 'every possible legal and factual theory of [the defendant's] guilt.'" *United States v. Le*, 310 F. Supp. 2d 763, 773 (E.D. Va. 2004) (quoting *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987)). As to defendant's argument that the government cannot establish that defendant possessed the requisite intent, this contention will be addressed on the basis of the evidence adduced at trial, not the Indictment's allegations. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence.").

Count II of the Indictment charges defendant with distributing a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).[3] Section

---

[3] Section 2252(a)(2) applies to any person who:

4

2252(a)(2) prohibits any person from

> knowingly . . . distribut[ing] . . . any visual depiction using any means or facility of
> interstate commerce or that . . . has been shipped or transported in or affecting interstate
> . . . commerce . . . if . . . the producing of such visual depiction involves the use of a
> minor engaging in sexually explicit conduct; and . . . such depiction is of such conduct.

18 U.S.C. § 2252(a)(2). Therefore, the essential elements of a violation of § 2252(a)(2) are:

(1) that defendant knowingly distributed a visual depiction of a minor engaging in sexually

explicit conduct; (2) that defendant distributed this visual depiction using any means or facility

of interstate commerce or using any device or instrumentality that has been shipped or

transported in or affecting interstate commerce; and (3) that defendant knew that the production

of this visual depiction involved the use of a minor engaging in sexually explicit conduct and that

the visual depiction was of a minor engaging in sexually explicit conduct. *See United States v.*

*Cedelle*, 89 F.3d 181, 184–86 (4th Cir. 1996) (noting error in district court's instructions under

previous version of § 2252(a)(2) but concluding that conviction was inevitable).

Count II alleges all of the essential elements of a violation of § 2252(a)(2). Specifically,

Count II alleges that defendant

> did knowingly distribute and attempt to distribute a visual depiction using any means and
> facility of interstate and foreign commerce and . . . had been shipped and transported in
> and affecting interstate and foreign commerce . . . , the production of which visual
> depiction involved the use of a minor engaging in sexually explicit conduct and which
> visual conduct was of such conduct . . . .

---

knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if--
(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct.

18 U.S.C. § 2252(a)(2). Section 2252(b)(1) provides for penalties for "[w]hoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) . . . ."

Indictment at 3, ¶ 2. As with Count I, Count II closely tracks the statute's language, thereby

providing defendant with sufficient notice of the charge against him. *See Wicks*, 187 F.3d at 427

("Generally, an indictment is sufficient if it alleges an offense in the words of the statute . . . .").

Count II's factual allegations thereby enable defendant "to plead an acquittal or conviction to bar

a future prosecution for the same offense." *Rendelman*, 641 F.3d at 44. Count II alleges the date

on which the alleged offense occurred, January 8, 2019, and the means by which defendant

allegedly committed the offense, namely "a video of [defendant] engaging in sexually explicit

conduct with a minor . . . distributed via a social media communication platform, Instagram."

Indictment at 3, ¶ 2. The Indictment's allegations adequately identify the facts and circumstances

of the violation of § 2252(a)(2) charged in Count II in a manner that enables defendant to plead

double jeopardy in a subsequent prosecution for the same offense. Accordingly, Count II of the

Indictment is legally sufficient.

## II.

At issue now is defendant's Motion to Dismiss the Indictment. Specifically,

notwithstanding the legal sufficiency of each count of the Indictment, defendant seeks dismissal

of both counts of the Indictment on two grounds. First, defendant contends that because the

defendant merely attempted to send a video file to MINOR GIRL 1 while both parties were

present in Virginia, the requisite nexus to interstate commerce is lacking for both charges. In

making this argument, defendant asserts that the Indictment fails to allege facts showing that

defendant knowingly transmitted or intended to transmit a visual depiction of a minor engaging

in sexually explicit conduct across state lines. Second, defendant argues that each count of the

6

Indictment is duplicitous because both counts charge defendant with an attempted violation and a completed violation of a criminal statute.

**A.**

The Constitution delegates to Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. Art. I, § 8, cl. 3. It is well-settled that Congress may regulate three broad categories of activity under its commerce power. First, Congress may regulate the channels of interstate commerce. *See Gonzalez v. Raich*, 545 U.S. 1, 16 (2005). Second, Congress has the authority to regulate and protect the instrumentalities of interstate commerce and persons or things in interstate commerce. *Id.* at 16–17. Third, Congress has the power to regulate activities that substantially affect interstate commerce. *Id.* at 17. With respect to the third category, "Congress has the authority to regulate purely intrastate activities, as long as a rational basis exist[s] for concluding that a regulated activity sufficiently affect[s] interstate commerce." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (quoting *United States v. Lopez*, 514 U.S. 549, 557 (1995)). In this regard, the Fourth Circuit has noted that Congress has made specific findings that the regulation of intrastate child pornography sufficiently affects the interstate child pornography market and hence falls within the ambit of Congress' power to regulate interstate commerce. *Miltier*, 882 F.3d at 89.[4]

With respect to Count II, defendant contends that § 2252(a)(2)'s interstate commerce element cannot be satisfied in this case because defendant never transmitted a visual depiction

---

[4] *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 501(1)(F), 120 Stat. 587, 624 (codified as amended at 18 U.S.C. § 2251) (finding that federal control of intrastate incidents of child pornography is "essential to the effective control of the interstate market in child pornography"); Child Pornography Prevention Act of 1996, Pub. L. 104–208, § 121(12), 110 Stat. 3009–26, 3009–27 (codified as amended at 18 U.S.C. § 2251) ("[P]rohibiting the possession and viewing of child pornography will ... help[ ] to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children...").

7

outside of Virginia. Defendant's argument fails, for as the government correctly notes, the Indictment alleges two ways that § 2252(a)(2)'s interstate commerce element may be satisfied here. First, the Fourth Circuit has made clear that "use of the internet in the transmission of child pornography satisfies the interstate commerce element of the offense." *Miltier*, 882 F.3d at 87 (affirming conviction for receipt of child pornography in violation of § 2252A(a)(2)(A) based on evidence that defendant downloaded pornography from internet) (citing *United States v. Ellyson*, 326 F.3d 522, 533 (4th Cir. 2003)). Accordingly, the interstate commerce element of § 2252(a)(2) is fully satisfied where, as the Indictment here alleges, the defendant used the internet to transmit visual depictions of a minor engaging in sexually explicit conduct. *See id.*[5] And this conclusion is not altered by the fact that defendant sent or attempted to send the video file to a recipient located in the same state as defendant.

Second, the interstate commerce element is satisfied where, as here, the defendant distributed child pornography from a device that previously moved in interstate commerce. In this respect, the Fourth Circuit has made clear that § 2252A(a)(2)(A)'s jurisdictional element may be met in a case involving "purely intrastate receipt of child pornography based on the previous movement of a computer through interstate or foreign commerce." *Miltier*, 882 F.3d at 92. The Fourth Circuit grounded its holding in *United States v. Miltier* on the statute's use of the term "affecting interstate . . . commerce." 18 U.S.C. § 2252A(a)(2)(A). The Fourth Circuit concluded that the statute's expansive jurisdictional language "criminaliz[ed] the receipt of all

_____

[5] The jurisdictional language used in the two statutes is substantially similar. *Compare* 18 U.S.C. § 2252(a)(2) (prohibiting receipt or distribution of a visual depiction "using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer . . . ."), *with* 18 U.S.C. § 2252A(a)(2)(A) (prohibiting receipt or distribution of child pornography "using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate commerce by any means, including by computer.").

child pornography that has any connection to interstate commerce." *Miltier*, 882 F.3d at 91; *Russell v. United States*, 471 U.S. 858, 859 (1985) (explaining that the term "'affecting interstate . . . commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause") (quoting 18 U.S.C. § 844(i)). Although *Miltier* focuses on receipt of child pornography in violation of § 2252A(a)(2)(A), the Fourth Circuit's reasoning applies with equal force to cases involving a defendant's transmission or attempted transmission of a visual depiction of a minor engaging in sexually explicit conduct using a device that had previously moved in interstate commerce. This is so because the statute at issue in Count II, § 2252(a)(2), contains the same expansive "affecting interstate . . . commerce" language that appears in § 2252A(a)(2)(A), and both statutes criminalize receipt and distribution of child pornography. Accordingly, § 2252(a)(2)'s interstate commerce element is fully satisfied where, as the Indictment here alleges, the defendant distributes a visual depiction of a minor engaging in sexually explicit conduct using a device that previously moved in interstate commerce. *See Miltier*, 882 F.3d at 91–92.

Seeking to avoid this result, defendant relies chiefly on *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011), to argue that no nexus to interstate commerce has been alleged because the video file at issue "never crossed state lines." *Id.* at 917–18 (holding that movement of child pornography from one computer in Arizona to another computer in Arizona was insufficient to sustain conviction for transportation and shipment of child pornography) (citing *United States v. Wright*, 625 F.3d 583, 594 (9th Cir. 2010), *superseded by statute as stated in United States v. Brown*, 785 F.3d 1337, 1351 (9th Cir. 2015)). *Flyer* is inapposite. There, the Ninth Circuit interpreted a prior version of § 2252(a)(1), which imposed penalties on a defendant who "knowingly transports or ships in interstate or foreign commerce by any means including by

9

computer or mails, any visual depiction" of child pornography. *Flyer*, 633 F.3d 911, 917 n. 4

(9th Cir. 2011). As the Ninth Circuit has made clear, the phrase "in interstate or foreign

commerce" interpreted in *Flyer* has "a more limited jurisdictional reach" than the phrase "using

any means or facility of interstate . . . commerce or in or affecting interstate . . . commerce,"

which extends jurisdiction to "the outer limits of [Congress'] Commerce Clause authority."

*Brown*, 785 F.3d at 1351 (analyzing § 2252A(a)(1)'s jurisdictional language) (quoting *Wright*,

625 F.3d at 600).[6] The Ninth Circuit's analysis of the phrase "affecting interstate . . . commerce"

is thus fully consistent with the Fourth Circuit's analysis in *Miltier*, and the government here is

not required to show interstate transmission of the video file in order to satisfy the requisite

interstate nexus.

Defendant also argues that Count II must be dismissed because the video file was never

successfully transmitted to a person other than defendant, and, therefore, there can be no

satisfaction of the interstate commerce element. Even assuming *arguendo* that defendant has

accurately forecasted the evidence that will be adduced at trial, defendant's argument fails. The

connection between defendant's conduct and interstate commerce would not be eliminated

because defendant is alleged to have used a device that previously moved in interstate commerce

in an effort to send a video file using the internet. To be sure, whether the video file was

successfully transmitted may affect the sufficiency of the evidence that defendant committed the

completed crime alleged in Count II. But defendant's failure to transmit the video file would not

prevent defendant from being convicted of the attempted crime alleged in Count II. In any event,

---

[6] *See also United States v. Lewis*, 554 F.3d 208, 216 (1st Cir. 2009) ("For the sake of completeness, we should note that Congress recently amended the child pornography statutes, including [§ 2252(a)(2)], to expand the jurisdictional coverage."); *United States v. Schaff*, 454 F. App'x 880, 883 (11th Cir. 2012) ("Because the internet is a means or facility of interstate commerce, evidence that the defendant used the internet to obtain child pornography is sufficient to obtain a conviction under the new version of the statute, even without proof of an actual interstate transmission.").

whether defendant's transmission of the video file was successful must be evaluated based on the evidence adduced at trial, not the Indictment's allegations. *See Critzer*, 951 F.2d at 307 ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence.").

Defendant next argues that dismissal of Count II is required because the government cannot establish that defendant knew he was transmitting child pornography across state lines. Defendant's argument fails for two reasons. First, as discussed above, the government is not required to prove that any visual depiction was transmitted across state lines. Second, the government is not required to show defendant's knowledge as to the satisfaction of § 2252(a)(2)'s interstate nexus element. To be sure, there is a "longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Rehaif v. United States*, 139 S. Ct. 2191, 2195 (2019). But importantly, "[b]ecause jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter." *Id.* at 2196; *see also United States v. Cooper*, 482 F.3d 658, 664 (4th Cir. 2007) (observing that "mens rea requirements typically do not extend to the jurisdictional elements of a crime") (citing *United States v. Feola*, 420 U.S. 671, 677 n. 9 (1975)). Accordingly, § 2252(a)(2)'s jurisdictional element does not require the government to show that the defendant knew that the defendant's conduct possessed the requisite nexus to interstate commerce.

The Supreme Court's decision in *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), is not to the contrary. There, the Supreme Court "conclude[d] that the term 'knowingly' in § 2252 extends both to the sexually explicit nature of the material and to the age of the

performers." *Id.* at 78.[7] As the Eleventh Circuit has observed, the Supreme Court "did not

suggest that the 'knowingly' term extended to the jurisdictional terms of the statute." *United*

*States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006).[8] Contrary to defendant's argument, *X-*

*Citement Video* does not require the government to prove that the defendant knew that his

conduct satisfied the interstate commerce element to prove a violation of § 2252(a)(2).

Defendant also contends that defendant's lack of knowledge of interstate transmission

precludes the government from establishing a violation of § 2251(a), the crime charged in Count

I of the Indictment. Here, too, defendant's argument fails. Under 18 U.S.C. § 2251(a), the

government must prove (1) that the defendant employed, used, persuaded, induced, enticed, or

coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct; and (2) a jurisdictional nexus to interstate or foreign commerce.

*United States v. Terrell*, 700 F.3d 755, 758 (5th Cir. 2012). The jurisdictional nexus element may

be satisfied in three ways:

> [(i)] if such person knows or has reason to know that such visual depiction will be
> transported or transmitted using any means or facility of interstate or foreign commerce
> or in or affecting interstate or foreign commerce or mailed,
>
> [or (ii)] if that visual depiction was produced or transmitted using materials that have
> been mailed, shipped, or transported in or affecting interstate or foreign commerce by any
> means, including by computer,
>
> or [(iii)] if such visual depiction has actually been transported or transmitted using any

---

[7] In concluding that the government must prove a defendant's knowledge of age of minority to prove a violation of § 2252(a), the Supreme Court made clear that "age of minority is not a 'jurisdictional fact' that enhances an offense otherwise committed with an evil intent." *Id.* at 72 n. 3 (citing *United States v. Feola*, 420 U.S. 671, 677 n. 9 (1975) (declining to require knowledge of jurisdictional facts to sustain conviction for assault of a federal officer)).

[8] Nor does it appear that the Fourth Circuit has interpreted *X-Citement Video* to extend § 2252's knowledge requirement to the statute's interstate commerce element. *See United States v. Matthews*, 209 F.3d 338, 350–51 (4th Cir. 2000) ("[T]he Supreme Court concluded in *X-Citement Video* that § 2252 requires the government to prove that a defendant knew that the was transporting or receiving depictions of a sexually explicit nature and that the individuals depicted were minors.").

means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a).

Defendant contends that a knowledge requirement—that defendant "knows or has reason to know"—applies to each of the three above-stated ways of satisfying § 2251(a)'s jurisdictional element. Defendant's argument conflicts with § 2251(a)'s plain language and the interpretations of several circuit courts of appeals, which point persuasively to the conclusion that "knowledge must be proven only as to the first jurisdictional hook." *Terrell*, 700 F.3d at 759.[9] Here, the government has alleged all three bases for jurisdiction, and the latter two do not require the government to show the defendant's knowledge. *See* Indictment at 1, ¶ 1. Notwithstanding defendant's arguments that he did not know or intend for the files to cross state lines and that he never successfully transmitted the files, the government may satisfy § 2251(a)'s interstate commerce element by showing that the "visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2251(a). Accordingly, defendant's interstate commerce argument for dismissal of Count I fails.

In sum, defendant's Motion to Dismiss the Indictment for failure to satisfy the interstate commerce elements of §§ 2252(a)(2) and 2251 must be denied. The Indictment sufficiently alleges that the defendant's conduct had the requisite nexus to interstate commerce.

---

[9] *See also United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006) (interpreting § 2251(a) and concluding that "[o]nly the first basis for jurisdiction requires any proof of mental state"); *United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (same); *United States v. Warner*, 614 F. App'x 575, 577 (3d Cir. 2015) (same); *United States v. Lively*, 852 F.3d 549, 563 (6th Cir. 2017) (noting that defendant need not know of interstate or foreign nature of materials used to produce child pornography).

**B.**

Defendant contends that Counts I and II of the Indictment must also be dismissed as duplicitous as both counts charge defendant with an attempt to commit a crime and a completed crime in a single count.[10] This argument fails. To be sure, the Fourth Circuit has explained that "an indictment is duplicitous if it charges two offenses in one count, creating the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017) (internal quotation marks and citation omitted). A jury divided in this manner "would not unanimously agree on the offense that the defendant committed, violating the defendant's Sixth Amendment right to a unanimous verdict." *Id.* at 269–70 (citing *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007)). This is the defect of a duplicitous indictment.

But this defect is easily cured, for, as the Fourth Circuit has recognized, "[i]t is black letter law that duplicitous indictments can be cured through appropriate jury instructions." *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010). Thus, even assuming *arguendo* that the Indictment is duplicitous, any risk of a jury convicting the defendant for an improperly fused double count may be cured by an instruction that requires the jury to be unanimous as to whether defendant is guilty of an attempt to commit a crime and as to whether defendant is guilty of a completed crime for each count. *See, e.g., United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001) (observing that a defendant may be prosecuted and convicted pursuant to a duplicitous indictment where "the court provides an instruction requiring all members of the jury

---

[10] Both §§ 2251 and 2252(a)(2) criminalize attempted violations and completed violations. *See* § 2251(e) (imposing penalties on "[a]ny individual who violates, or attempts or conspires to violate this section"); § 2252(b)(1) (imposing penalties on "[w]hoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a)"); *see also* Rule 31(c)(2), Fed. R. Crim. P. (providing that "[a] defendant may be found guilty of . . . an attempt to commit the offense charged").

14

to agree as to which of the distinct charges the defendant actually committed"), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1188 & n. 2 (9th Cir. 2007).

Persuasive authority from other circuits confirms this result. In *United States v. Smith*, 910 F.3d 1047 (8th Cir. 2018), an indictment charged in one count that the defendant "did knowingly receive, and attempt to receive, child pornography" and in another count that the defendant "did knowingly possess, and attempt to possess, at least one other matter which contains . . . a visual depiction of a prepubescent minor and a minor who had not attained the age of 12 years." *Id.* at 1051. After a jury convicted the defendant of both counts, the defendant argued that the district court's jury instructions "blurred the requirements for the completed offense versus attempt." *Id.* at 1052. In analyzing the defendant's argument, the Eighth Circuit made clear that an attempt and the completed offense need not be charged separately in an indictment. *Id.* at 1052. The Eighth Circuit further explained that "any risk of unfair duplicity to the defendant can be cured in various ways, for example, by the government electing to pursue only one of the alternatives charged, or by jury instructions and a verdict form that protect the defendant's right to a unanimous jury." *Id.* at 1052–53. The Eighth Circuit's analysis in *Smith* persuasively points to the conclusion that defendant's duplicitousness argument must be rejected here. As with the indictment in *Smith*, the Indictment in this case permissibly joins charges for an attempt and a completed offense in a single count because a jury instruction will require the jury to render a unanimous verdict with respect to the attempt to commit a crime and with respect to the completed crime. *See id.* at 1052. In this regard, *Smith* underscores the settled principle that any risk of duplicitousness in an Indictment charging an attempt to commit a crime and a completed crime in the same count may be addressed through appropriate jury instructions. *See id.* at 1052–53.

In sum, defendant's Motion to Dismiss the Indictment on the ground of duplicitousness must be denied because any risk of duplicity is curable through appropriate jury instructions.

*     *     *     *

For these reasons, defendant's Motion to Dismiss the Indictment must be denied.

An appropriate Order will issue separately.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
June 16, 2020

/s/

T. S. Ellis, III
United States District Judge