**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:20-CR-64 |
| v. | The Honorable T.S. Ellis, III |
| KEVIN HEWLETT, | Trial: October 6, 2020 |
| *Defendant*. | |

**UNITED STATES' NOTICE REGARDING VICTIM CONTACT**

Out of an abundance of caution for the rights of crime victims, as codified in the Crime Victims' Rights Act (18 U.S.C. § 3771), the United States files this notice that the victim identified as "Minor Girl 1" in the indictment does not wish to be contacted again by the defense. Minor Girl 1 is the victim in the Defendant's charges of producing child pornography and distributing child pornography. Her request of no contact was prompted by communications she received from the defense that she felt were unfair and upsetting.

On September 18, 2020, Minor Girl 1, the victim in this case, received a phone call from defense counsel. In the course of a brief, two-minute conversation defense counsel told her: (1) that he did not believe the current prosecution should be tried in federal court, but rather in state court; (2) that the mandatory minimum term of imprisonment mandated by statute was too much time for the offense; and (3) that he wanted to talk to her about her "relationship" with the Defendant because it could help his defense.[1]

---

[1] Additionally, prior to calling the victim, defense counsel sent an email indicating that was representing the Defendant "on very serious charges (15 year mandatory minimum sentence) arising from his relationship with [Minor Girl 1] and that he wanted to talk to her because "the nature of [her] relationship with [the Defendant] could be helpful to his defense."

Without question, criminal defense attorneys, duty bound to serve the best interests of their clients, can seek to interview witnesses before trial. The government has conferred with defense counsel about his above communications with Minor Girl 1, and he has stated that he did not suggest that defendant's charges were Minor Girl 1's fault. The government does not criticize the defense's intent in reaching out to Minor Girl 1. But the victim has relayed to the United States that the remarks left her quite distressed and made her feel like she was being told that she was at fault, an undue burden particularly in the context of a child sexual exploitation crime. As a result, Minor Girl 1 requested that defense counsel no longer contact her. This request has been communicated to defense counsel, who represented that he has no intention of reaching out to this victim again.

Crime victims have the right "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The United States in turn is required to make best efforts to ensure that these rights are accorded to the victim. 18 U.S.C. § 3771(b)(1). The United States thus files this Notice to duly document the crime victim's wish to not be contacted by the defense.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 24, 2020     By:     _____/s/_____
Gwendelynn Bills
Special Assistant United States Attorney (LT)
Nathaniel Smith, III
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Gwendelynn.E.Bills2@usdoj.gov